UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID GOMEZ GARCIA,

      Plaintiff,

    v.

Case No. 2:26-cv-464-KCD-DNF

IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
DEPARTMENT OF HOMELAND
SECURITY (DHS), SECRETARY
KRISTI NOEM,  BAKER
CORRECTIONAL INSTITUTE,
WARDEN, GLADES COUNTY
DETENTION CENTER,

      Defendants.

_____/

## **ORDER**

Petitioner David Gomez Garcia is a citizen of Cuba currently detained by U.S. Immigration and Customs Enforcement. He asks this Court to release him, arguing that his arrest was unlawful and carried out by people who lacked the authority to detain him. (Doc. 1.)[1] Respondent opposes the habeas petition. (Doc. 11.) For the reasons below, Garcia's habeas corpus petition is **DENIED**.

The underlying facts are straightforward. Garcia illegally entered the United States through the southern border in 2023. He was detained, given a

---

[1] Porras's pleadings are not paginated. So for ease of reference, the Court will cite to the page numbers generated by its electronic filing system.

notice to appear, and released. (Doc. 11-1.) In December, he was arrested for a hit and run and placed in ICE custody. Garcia is now being held at the Glades Detention Center, where he filed the instant habeas petition under 28 U.S.C. § 2241.

There are several problems with the habeas petition that prevent relief. For starters, Garcia presses claims that are not cognizable under § 2241. A writ of habeas corpus is the remedy for someone seeking release from unlawful confinement. It challenges the fact or duration of detention. *See, e.g., Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). It is not a catch-all bucket for complaints about police misconduct, past mistreatment, or the conditions of confinement. *See Houston v. Pearce*, No. 1:21-CV-0582-LMM-CMS, 2021 WL 11718540, at *1 (N.D. Ga. Feb. 18, 2021). Yet Garcia largely focuses on his arrest. (Doc. 1 at 1.) These are classic civil rights claims—the kind usually brought under 42 U.S.C. § 1983.

In any event, this Court lacks jurisdiction to address Garcia's arguments about the Government's decision to arrest and hold him. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

2

The only cognizable claims the Court can ultimately discern arise under the Immigration and Nationality Act ("INA") and the Fifth Amendment, both of which challenge the legality of his continued detention. (Doc. 1 at 3-4.)[2]

**A. INA**

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings,* 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General."

---

[2] The habeas petition is not paginated, so the Court uses the page numbers generated by its electronic filing system.

3

8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Garcia, he is entitled to a bond hearing under § 1226. (Doc. 1 at 4.) But this argument runs headlong into the facts. Garcia was apprehended at the border. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Garcia spent time in the United States after being paroled—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))); *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States

may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country."); *Garcia-Mir v. Smith*, 766 F.2d 1478, 1484 (11th Cir. 1985).

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Garcia's continued detention without a bond hearing cannot be in violation of the INA.

**B. Due Process**

Even if Garcia's detention without a bond hearing is authorized by the INA, he argues it violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 19.) Not so. As this Court has already explained in detail, such a claim is not available for aliens held under § 1225. *See Lezcano v. Ripa*, No. 2:26-cv-766-KCD-DNF, 2026 WL 1004523, at *2-5 (M.D. Fla. Apr. 14, 2026). One can certainly understand Garcia's frustration with his current position, waiting in a detention cell for months while his immigration case inches forward. Yet this Court cannot use judicial fiat to conjure a due process claim just to ease the wait. We are not staring down the barrel of indefinite detention—the constitutional danger the Supreme Court found so problematic in *Zadvydas*. Garcia's current custody has a clear statutory endpoint: it lasts only "until removal proceedings have concluded." *Jennings*, 583 U.S. at 299. And if he eventually receives a final order of

5

removal only to have his deportation stall, the doors of the courthouse will open for him to seek relief under *Zadvydas*. Because the existing framework comes with a built-in expiration date, there is no reason to engineer a constitutional workaround.

### C. Conclusion

Garcia is legally situated at the border and subject to mandatory detention under 8 U.S.C. § 1225. Because that statute provides no right to a bond hearing, and the Due Process Clause does not step in to supply one for an arriving alien, his continued custody is lawful. Accordingly, Garcia's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on April 17, 2026.

Kyle C. Dudek
United States District Judge

6